UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Trustees of the Local 7 Tile Industry Welfare Fund, *et al.*, <br><br> *Plaintiffs*, <br><br> – against – <br><br> Larsen Marble & Tile, LLC, <br><br> *Defendant*. | 1:18-CV-1025 (ARR) (SMG) <br><br> **Not for Publication** <br><br> **Order** |

ROSS, United States District Judge:

The court has received the Report and Recommendation on the instant case dated November 19, 2018, from the Honorable Steven M. Gold, United States Magistrate Judge. The deadline for filing objections has passed, and no objections have been filed. Accordingly, the court has reviewed the Report and Recommendation for clear error on the face of the record. *See* Fed. R. Civ. P. 72 advisory committee's note to subdivision (b); *Gusler v. City of Long Beach*, 823 F. Supp. 2d 98, 109 (E.D.N.Y. 2011), *appeal dismissed*, 700 F.3d 646 (2d Cir. 2012). Having reviewed the record, I hereby adopt the Report and Recommendation in part and overrule it in part. Specifically, I adopt the Report and Recommendation except for a minor correction to the award of attorney's fees.

In their motion for default judgment, the plaintiffs sought, *inter alia*, attorney's fees of $2359, for 13.6 hours of work. Br. 6, ECF No. 15. In particular, the plaintiffs argued that they incurred fees of $265 per hour for work done by associate attorneys and of $115 per hour for work done by paralegals. Br. 5. And the plaintiffs submitted time records showing that "NM"[1] had billed 5.3 hours

---

[1] "NM" is Nicole Marimon, counsel for the plaintiffs. Marimon Decl. ¶ 14, ECF No. 14. The other individuals are unidentified and presumed to be support staff.

1

at $265 per hour, that "EC" had billed 8.2 hours at $115 per hour, and that "MM" had billed 0.1 hours at $115 per hour. Time Records, ECF No. 14-4.[2]

In his Report and Recommendation, Judge Gold reasonably determined to award the plaintiffs attorney's fees at lesser rates: $200 per hour for work done by attorneys and $90 per hour for work done by legal assistants. *See* R. & R. 13, ECF No. 18. It appears, however, that the time billed by "MM," an assistant, was erroneously attributed to "NM," an attorney, in the calculation of the revised fee award. *See id.* ("Plaintiffs' attorney spent 5.4 hours working on this action and her legal assistant spent 8.2 hours, for a total of 13.6 hours."). Adopting the rates found reasonable by Judge Gold, I thus instead award the plaintiffs attorney's fees of $1807.00: $1060.00 for the 5.3 hours billed by "NM" and $747.00 for the 8.3 hours billed by "EC" and "MM."

I adopt the other amounts awarded by Judge Gold in full. *See* R. & R. 14–15.

The Clerk of Court is therefore directed to enter judgment for the plaintiffs awarding the following damages: (a) $187,526.23 in unpaid contributions; (b) interest at a rate of $44.77 per day for the Local 7 Benefit Funds and at a rate of $9.91 per day for the International Benefit Funds,[3] to be calculated by the Clerk of Court beginning from October 31, 2015, through the date of judgment herein; (c) $32,960.31 in liquidated damages; (d) $5440.00 in audit costs; and (e) $2283.02 in attorney's fees and costs. And the plaintiffs are awarded postjudgment interest on the entire amount of the judgment at the statutory rate set forth in 28 U.S.C. § 1961.

So ordered.

___/s/_____
Allyne R. Ross
United States District Judge

Dated:   December 5, 2018
         Brooklyn, New York

---

[2] Thus, "NM" had billed $1404.50, "EC" had billed $943.00, and "MM" had billed $11.50, totalling $2359.00.
[3] Both terms defined in the Report and Recommendation. *See* R. & R. 1.